UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT J. ODEN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>J. GASTELO,<br><br>　　　　　Respondent. | Case No. 1:18-cv-00772-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS UNAUTHORIZED SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Wilbert J. Oden, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He claims that the state trial court lacked statutory authority to sentence him for second-degree murder. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. Petitioner unsuccessfully pursued another Section 2254 petition in 2009, challenging the same state court judgment. He has not obtained the authorization from the Ninth Circuit to pursue a second or successive petition. We recommend that the court dismiss the petition for lack of jurisdiction.

**I. Second or Successive Petition**

A federal court will not consider a second or successive habeas corpus petition that raises a claim unless the petitioner shows that (1) the claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2). A district court may not decide whether a petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). The authorization from the appropriate court of appeals is a jurisdictional requirement. *See Burton*, 549 U.S. at 157.

The definition of the phrase "second or successive" does not appear under the Antiterrorism and Effective Death Penalty Act of 1996, so courts look to case law to determine its meaning. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). The phrase does not refer to all federal habeas petitions filed after the first petition. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Instead, a petition is second or successive if (1) the facts underlying the claim occurred by the time of the initial petition; and (2) the petition challenges the same state court judgment as the initial petition. *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citing *Magwood*, 561 U.S. at 333 and *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007)). A petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Here, the petition is successive. Petitioner filed another Section 2254 petition in 2009. *See Oden v. Haws*, No. 1:09-cv-1458, 2010 WL 2556853 (E.D. Cal. June 21, 2010). The facts underlying the petition in this case—petitioner's sentencing in 1986—occurred before the 2009 petition. The instant petition challenges the same 1986 state judgment that petitioner challenged in 2009. *Compare id*. at *2, *with* ECF No. 1 at 6. The 2009 petition was dismissed as untimely, *see Oden*, 2010 WL 2556853, at *2, and that dismissal, which foreclosed the possibility of future litigation, is a decision on the merits. *See McNabb*, 576 F.3d at 1029 ("We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations

2

renders subsequent petitions second or successive for purposes of the AEDPA . . . .").

Petitioner has not obtained authorization from the Ninth Circuit to file a successive petition, so we lack jurisdiction over this case. We recommend that the court dismiss the case for lack of jurisdiction. We need not address two other obvious defects in the petition: (1) petitioner's claim that the state court lacked the statutory authority to sentence him for second-degree murder; and (2) the untimeliness of the petition, which challenges a sentence from 1986.

**II.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not disagree that the petition here is an unauthorized successive petition and that it should not proceed further. Thus, the court should decline to issue a certificate of appealability.

**III.    Findings and recommendations**

We recommend that the petition be dismissed as an unauthorized successive petition and that the court decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court Judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and

3

recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Petitioner's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

**IV.    Order**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

IT IS SO ORDERED.

Dated:    May 14, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202